# EXHIBIT A

Case 2:22-cv-08438-SVW-JEM Document 1-1 Filed 11/18/22 Page 2 of 13 Page ID #:8
Electronically FILED by Superior Court of California, County of Los Angeles on 10/03/2022 05:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV32348

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED
2022 OCT 20 P 2: 08

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Los Angeles, Los Angeles Sheriff's Department, Deputy Daniel Rodriguez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sarah Frost

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N Hill Street, Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):* 22STCV32348

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Faisal Gill, 505 N Brand Blvd, Suite 1110, Glendale, CA 91203, 310-418-6675

DATE: 10/03/2022
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by N. Alvarez , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **County of Los Angeles**
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP416.50 Public Entity
4. ☒ by personal delivery on *(date):* 10-20-22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

22STCV32348

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2022 OCT 21  P 12: 32

BC

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Los Angeles, Los Angeles Sheriff's Department, Deputy Daniel Rodriguez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sarah Frost

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
**22STCV32348**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Faisal Gill, 505 N Brand Blvd, Suite 1110, Glendale, CA 91203, 310-418-6675

DATE: *(Fecha)* 10/03/2022

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by *(Secretario)* N. Alvarez, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **Los Angeles Sheriff's Department**
   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* CCP 416.50 Public Entity
4. [X] by personal delivery on *(date):* 10/21/2022

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 2:22-cv-08438-SVW-JEM   Document 1-1   Filed 11/18/22   Page 4 of 13   Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 10/03/2022 05:07 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV32348

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mel Red Recana

Faisal Gill (SBN 263416)
Gill Law Firm
505 N Brand Blvd, Suite 1110
Glendale, CA 91203
310-418-6675
310-388-0564 (fax)
fgill@glawoffice.com

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SARAH FROST | CASE NO. 22STCV32348 |
| Plaintiff | |
| | COMPLAINT |
| COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, DEPUTY DANIEL RODRIGUEZ | |
| Defendants | |

INTRODUCTION

1. While investigating a domestic violence crime in which Claimant was the victim (Superior Court (Palmdale) Case #IAN04089), L.A. Co. Sheriff Deputy Detective Daniel Rodriguez used his status to lure claimant into a sexual relationship conditioned on him using his status to assure aggressive prosecution, provided cash gifts, alcohol drinks and hotel rooms in exchange for sex from claimant; and used force and duress in committing sexual acts upon claimant.

2. These acts occurred approximately between December 11, 2021 and January 12, 2022.

1

COMPLAINT

3. Deputy Daniel Rodriguez while in the course of his official duties committed acts with respect to the claimant in violation of 18 U.S.C. 1591 and is liable under 18 U.S.C. 1595 that he knowingly enticed, obtained, or solicited claimant; knowing, that means of force, threats of legal process would be used to cause the claimant to engage in a commercial sex act with Deputy Daniel Rodriguez.

4. Deputy Rodriguez further violated Claimant's Federal Constitutional right to Due Process of Law and her liberty interest to remain free of sexual harassment, assault and battery by law enforcement agents investigating a crime wherein she is a victim.

5. This conduct also constitutes the following torts under California law; intentional infliction of emotional distress, sexual battery, battery and negligent infliction of emotional distress.

## PARTIES

1. Plaintiff, Sarah Frost, is an individual whose sole residence is located in the County of Los Angeles, California.

2. Defendant County of Los Angeles ("the County") is, and at all relevant times mentioned herein was, a legal political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected County Board of Supervisors and/or their agents and deputies. The County is responsible for the actions, inactions, policies, procedures, practices and customs of the Los Angeles Sheriff's Department ("LASD") and its agents and employees. At all relevant times, the County was and continues to be responsible for assuring that the actions of the LASD and its agents and employees comply

2

with the Constitutions of the State of California and of the United States and any other applicable laws and regulations.

3. Defendant Deputy Rodriguez is an employee of the LASD, who, during the scope of his employment, committed these tortious acts against Plaintiff.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant because it is located in Los Angeles and has extensive contacts in Los Angeles.

5. The Court has subject matter jurisdiction because the amount in controversy exceeds the Court's jurisdictional amounts. Superior Court of California for the County of Los Angeles is a court of general jurisdiction and therefor has jurisdiction over this matter.

6. Venue is proper in this Court pursuant to California Code of Civil procedure sec 395.

## FACTUAL BACKGROUND

7. In or around December 2021, Plaintiff filed a report with the police regarding domestic violence from her significant other.

8. Los Angeles Sheriff's Department began investigating the matter and Sheriff Deputy Detective Daniel Rodriguez ("Rodriguez") was assigned to the case.

9. Plaintiff reported that her significant other had forced her into a contract where she was his sexual slave.

10. She also reported that he physically abused her.

11. Deputy Detective Daniel Rodriguez developed a close relationship with Plaintiff where they would text each other.

3

COMPLAINT

12. Rodriguez would then rent hotel rooms, buy food and alcohol, and provide cash gifts for Plaintiff.

13. Rodriguez created a relationship where Plaintiff relied on and trusted him, as he was in a position of authority as the investigating detective in her ongoing domestic violence case against her significant other.

14. Rodriguez then coerced Plaintiff into having a sexual relationship with him.

15. Specifically, during the course of his investigation of Plaintiff's claim, Deputy Rodriguez stated to Plaintiff that he would not report her case to the District Attorney unless she engaged in sexual acts with him.

16. Plaintiff felt that she had to engage in the sexual relationship in order to ensure her safety and for her case to go forward.

17. During the ongoing investigation, Deputy Rodriguez would entice Plaintiff into engaging into commercial sex acts with him through his purchases of hotel room rentals, food and alcohol, and cash for Plaintiff.

18. Rodriguez would also use his status as an investigative officer on Plaintiff's domestic violence case and entice Plaintiff into a sexual relationship through his assurance of providing safety for Plaintiff, something of value to the Plaintiff.

19. On or around January 9, 2022, Deputy Rodriguez was with Plaintiff at the hotel room when he asked Plaintiff to perform oral sex on him.

20. Plaintiff refused and backed away from Deputy Rodriguez.

21. Deputy Rodriguez then walked to Plaintiff, physically brought her back to him, and then forced her head down to perform oral sex.

4

COMPLAINT

22. Plaintiff felt that she had no choice but to commit the sexual act with Deputy Rodriguez.

23. As a result of the egregious acts committed by Deputy Rodriguez, Plaintiff suffered severe emotional distress.

24. As a result of Deputy Rodriguez's egregious acts, Plaintiff was severely damaged.

## COUNT 1
## Violation of 18 U.S.C. 1591; 1595

25. Plaintiff restates and incorporates all allegations stated in paragraphs 1 through 24 as if stated herein.

26. Deputy Rodriguez used his position of authority and trust as the investigating detective of Plaintiff's domestic violence case in order to coerce Plaintiff into performing a commercial sex act.

27. Specifically, Deputy Rodriguez used the information he obtained from the investigation, including Plaintiff's mental health and lack of housing in order to coerce Plaintiff into performing a commercial sex act.

28. By using this information, Deputy Rodriguez implemented a scheme, plan or pattern intended to cause Plaintiff to believe that failure to perform a sexual act with Rodriguez would result in serious harm.

29. Furthermore, Deputy Rodriguez had Plaintiff commit the sex act in exchange for housing, alcohol and food, which are all items of value.

30. Plaintiff reasonably believed that she would suffer serious harm, through the Deputy's failure to investigate her case properly and losing the housing he provided her that she desperately needed, if she did not commit the sex acts.

5

COMPLAINT

31. Deputy Rodriguez committed the scheme while in the course and scope of his employment as a detective of the Los Angeles Sheriff's Department.

32. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

## COUNT II
### Violation of Plaintiff's Constitutional Rights under the Fourteenth Amendment

33. Plaintiff restates and incorporates all allegations stated in paragraphs 1 through 32 as if stated herein.

34. Plaintiff holds a constitutionally protected right to bodily integrity and to be free from sexual harassment.

35. Deputy Rodriguez violated Plaintiff's Constitutional rights by coercing her into committing commercial sex acts in exchange for prosecuting her case, housing, food, alcohol and cash.

36. As a victim of an ongoing investigation, Plaintiff should never have been subjected to such violations from the investigating officer in her case.

37. Deputy Rodriguez committed these violations while in the course and scope of his employment with the Los Angeles Sheriff's Department.

38. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

COMPLAINT

## COUNT III
### Intentional Infliction of Emotional Distress

39. Plaintiff restates and incorporates all allegations stated in Paragraphs 1 through 38 as if stated herein.

40. Deputy Rodriguez committed outrageous conduct by coercing Plaintiff to commit sex acts with him during the course and scope of his employment as a detective in her case.

41. Deputy Rodriguez intended to cause Plaintiff emotional distress or recklessly disregarded the probability that such actions would cause Plaintiff emotional distress.

42. Plaintiff in fact suffered severe emotional distress.

43. Deputy Rodriguez's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

44. Deputy Rodriguez committed this conduct while in the course and scope of his employment as a detective of the Los Angeles Sheriff's Department.

45. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

## COUNT IV
### Battery

46. Plaintiff restates and incorporates all allegations stated in paragraphs 1 through 46 as if stated herein.

47. Deputy Rodriguez touched Plaintiff with the intent to offend her.

48. Plaintiff did not consent to the touching, as she could not properly consent given Deputy Rodriguez's coercion of Plaintiff.

49. Plaintiff was offended as a result of Deputy Rodriguez's touching.

7

COMPLAINT

50. A reasonable person in Plaintiff's position would have been offended by such touching.

51. Deputy Rodriguez committed this conduct while in the course and scope of his employment as a detective of the Los Angeles Sheriff's Department.

52. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

## COUNT V
### Sexual Battery

53. Plaintiff restates and incorporates all allegations stated in paragraphs 1 through 52 as if stated herein.

54. Deputy Rodriguez intended to cause an offensive contact with Plaintiff's sexual organs.

55. An offensive contact in fact directly resulted.

56. Plaintiff did not consent to the touching, as she could not properly consent given Deputy Rodriguez's coercion of Plaintiff.

57. Plaintiff was harmed as a result of the offensive contact caused by Deputy Rodriguez.

58. Deputy Rodriguez committed this conduct while in the course and scope of his employment as a detective of the Los Angeles Sheriff's Department.

59. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

## COUNT VI
### Negligent Infliction of Emotional Distress

60. Plaintiff restates and incorporates all allegations stated in paragraphs 1 through 59 as if stated herein.

61. Deputy Rodriguez owed Plaintiff a duty of care as the assigned detective in Plaintiff's domestic violence case.

62. Deputy Rodriguez breached that duty of care when he coerced Plaintiff into committing sex acts with him during the ongoing investigation of her case.

63. Plaintiff suffered severe emotional distress.

64. Plaintiff's severe emotional distress was actually and proximately caused by Deputy Rodriguez's egregious conduct.

65. Deputy Rodriguez committed the scheme while in the course and scope of his employment as a detective of the Los Angeles Sheriff's Department.

66. As a result, Plaintiff suffered severe damage, all of which to be proven at trial, but not less than $7,000,000.00USD.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Declare that Defendant violated 18 U.S.C. 1591; 1595 by coercing Plaintiff into committing a commercial sex act;

2. Declare that Defendant violated Plaintiff's Constitutional rights under the Fourteenth Amendment to bodily integrity;

3. Declare that Defendant committed battery against Plaintiff by touching Plaintiff without proper consent which offended her and caused her harm;

4. Declare that Defendant committed sexual battery against Plaintiff by coercing her to commit sex acts with him;

9

5. Declare that Defendant, whether intentionally or negligently, caused Plaintiff severe emotional distress;

6. Declare that Defendant committed these acts while in the course and scope of his employment with the Los Angeles Sheriff's Department;

7. Award Plaintiff any and all financial, economic and compensatory damages entitled to by law, on Counts I through VI;

8. Award Plaintiff other monetary damages that they may be entitled to under the law; in addition

9. Award appropriate pre-judgment and post judgment interest; in addition

10. Award expert fees and attorney's fees and cost of this action as may be permitted by law; in addition

11. Award any other relief the Court deems just and appropriate.

## JURY TRIAL DEMANDED

PLAINTIFF DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully Submitted,

/S/ FAISAL GILL
Faisal Gill (SBN 263416)